NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

MARIA MEAD, *Petitioner/Appellant*,

*v.*

ROBERT ALLEN MEAD, *Respondent/Appellee*.

No. 1 CA-CV 13-0657
FILED 2-24-2015

Appeal from the Superior Court in Yuma County
No. S1400DO201201419
The Honorable Lisa W. Bleich, Judge

**AFFIRMED**

COUNSEL

Law Office of Jose De La Luz Martinez, PLLC, Phoenix
By Jose De La Luz Martinez
*Counsel for Petitioner/Appellant*

Law Office of Jeremy Claridge, PLC, Phoenix
By Jeremy Claridge
*Counsel for Respondent/Appellee*

_____

**MEMORANDUM DECISION**

_____

Presiding Judge John C. Gemmill delivered the decision of the Court, in which Judge Kenton D. Jones and Judge Donn Kessler joined.

_____

**G E M M I L L**, Judge:

**¶1** Petitioner/Appellant Maria Mead ("Wife") appeals the superior court's dissolution decree, contesting the court's denial of her request for spousal maintenance and its division of marital property. For the following reasons, we affirm.

**Factual and Procedural Background**

**¶2** Wife petitioned for dissolution of her marriage to Respondent/Appellee Robert Allen Mead ("Husband"). After conducting a trial, the superior court found that Wife was not entitled to spousal maintenance and equitably divided the parties' community property. Wife timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

**Issues**

**¶3** Wife challenges the superior court's ruling on spousal maintenance and division of community property.

**Discussion**

**I. Spousal Maintenance**

**¶4** Wife contends the superior court erred by denying her request for spousal maintenance. An award of spousal maintenance is within the trial court's sound discretion and we will reverse only if we find an abuse of discretion. *In re Marriage of Pownall*, 197 Ariz. 577, 583, ¶ 31, 5 P.3d 911, 917 (App. 2000) (citation omitted). We view the evidence in the "light most favorable to the non-appealing party and will sustain the judgment if any reasonable evidence supports it." *Id.* at 583-84, ¶ 31, 5 P.3d at 917-18.

**¶5** To be eligible for spousal maintenance, Wife was required to establish that she met one or more of the following conditions:

1.	Lacks sufficient property, including property apportioned to [her], to provide for [her] reasonable needs.

2.	Is unable to be self-sufficient through appropriate employment or is the custodian of a child whose age or condition is such that [she] should not be required to seek employment outside the home or lacks earning ability in the labor market adequate to be self-sufficient.

3.	Contributed to the educational opportunities of [Husband].

4.	Had a marriage of long duration and is of an age that may preclude the possibility of gaining employment adequate to be self-sufficient.

A.R.S. § 25–319(A).

¶6	The superior court found Wife failed to prove any of these statutory grounds.  Wife argues the court erred because she is entitled to spousal maintenance pursuant to the first, second, and fourth factors.

¶7	The court heard evidence that Wife earned approximately $1,500 per month working part-time, and would receive an estimated $2,323 per month as her share of Husband's pension, in addition to more than $150,000 from Husband's retirement savings plan, and her share of the community property.  While Wife claimed her reasonable monthly expenses totaled $5,342, Husband testified that many of those expenses were excessive and included the costs of supporting Wife's adult children.  In addition, although the parties had been married for 28 years, Wife had not yet reached the age of retirement and offered no evidence that she was unable to continue her employment or even work full-time.  Given this record, we find no error in the superior court's determination that Wife did not qualify for an award of spousal maintenance.[1]

---

[1] Wife also argues that the court erred in denying her spousal maintenance because Husband's income would have been substantially higher if he had not decided to retire early.  The factual basis for Wife's argument does not support a legal finding that Wife is entitled to spousal maintenance under the statute.

## II.   Division of Community Property

¶8   Wife argues the court erred in valuing and dividing certain community property. The division of marital property in a dissolution proceeding is governed by A.R.S. § 25-318(A), which provides that a court shall "divide the community, joint tenancy and other property held in common equitably, though not necessarily in kind[.]" *See also Toth v. Toth*, 190 Ariz. 218, 221, 946 P.2d 900, 903 (1997) (noting that in most cases dividing jointly held property substantially equally will be the most equitable result). We view the evidence in the light most favorable to sustaining the superior court's findings and will not disturb its apportionment of community property absent an abuse of discretion. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 346, ¶ 5, 972 P.2d 676, 679 (App. 1998).

### A.   Money Market Account

¶9   Wife argues the court improperly reduced her equalization payment from Husband by granting him an offset against monies she withdrew from a money market account.

¶10   The evidence at trial showed that Wife held a money market account valued at $40,723 on December 31, 2009. Wife testified the account lost value and she withdrew the remaining amount (approximately $35,000) in April 2010. She claimed she kept $7,000 for household expenses and transferred the balance to Husband, who spent a large portion of the money repairing and improving his vehicles, taking a trip to New Mexico, and paying for certain legal expenses. Wife testified she purchased a $20,000 certificate of deposit with the remaining money, but later withdrew the money after paying the $12,125 balance on a community loan from Wells Fargo, leaving her approximately $8,000, which she spent on medical bills and other expenses. Husband denied that he received any of the $40,723 from Wife and pointed out that Wife obtained cashier's checks from Wells Fargo on the day of the court's temporary orders hearing that, when combined with the community loan payment, totaled approximately $40,000.

¶11   The court found Wife's testimony concerning these funds not credible. It determined that Wife withdrew $40,000 of community funds and used $12,125 to pay a community debt. Accordingly, the court equally divided the remaining amount, $27,875, resulting in a credit to Husband of $13,937.50. We defer to the trial court's determination of witness credibility and the weight to give conflicting evidence. *Gutierrez*, 193 Ariz. at 347, ¶ 13, 972 P.2d at 680. Reasonable evidence supports the

court's conclusion and we find no abuse of discretion. *Id.*, 193 Ariz. at 346, ¶ 5, 972 P.2d at 679.

**¶12** Further, we reject Wife's argument that the superior court erred by determining that the funds in the money market account were community property. While the parties acknowledged that the source of the funds was a worker's compensation payment, Wife did not assert that the funds in the money market account were separate property. The record indicates that Wife listed the property as community property in her exhibits and her attorney asserted at trial that Wife was not claiming the property was sole and separate. *Cf. Armer v. Armer*, 105 Ariz. 284, 288, 463 P.2d 818, 822 (1970) (ruling husband was precluded from challenging characterization of real property because he admitted in his answer that it was community property).

## B. Valuation of Marital Property

**¶13** Wife disputes the court's valuation of three marital assets. As discussed below, we reject each argument.

### 1. Husband's Taxidermy Business

**¶14** Wife contends the court erred by attributing no value to Husband's taxidermy business. Wife claimed the business had a value of $18,000 based on its gross receipts for the eighteen months preceding trial. Husband offered tax documents that showed the business operated at a loss and testified it had no value except for its tools and equipment, which the parties had agreed were worth $5,000. The court awarded the taxidermy tools to Husband and granted Wife an equalization payment for their value. It assigned no value to the business and awarded it to Husband. We defer to the trial court's determination of the conflicting evidence and find no abuse of discretion. *Gutierrez*, 193 Ariz. at 347, ¶ 13, 972 P.2d at 680.

### 2. 1994 Chevrolet

**¶15** Wife argues the court erroneously attributed a value of zero to the parties' 1994 Chevrolet 1500 Extended Cab, which it awarded to Husband. Although both parties valued the 1994 Chevrolet at $1300 prior to trial, Husband testified he had learned that the vehicle's transmission needed to be replaced, effectively reducing the value to zero. Wife did not dispute that evidence. We therefore find no error in the court's determination that the vehicle has no value. *Gutierrez*, 193 Ariz. at 347, ¶ 13, 972 P.2d at 680.

### 3.        Sea-Doo Personal Watercraft

¶16        Wife also claims the superior court erred by assigning a value of $250 to each of the parties' two Sea-Doo personal watercrafts.  The parties agreed that one Sea-Doo was worth $250 dollars and the second was worth $500.  The court awarded both watercrafts to Husband, and Wife was given an equalization payment based on the value of the Sea-Doos.  Wife says the court erred because it should have valued the second Sea-Doo at the agreed value of $500, granting Wife an equalization payment of $250.  Because the court placed a $250 value on that Sea-Doo, Wife received a $125 equalization payment instead of the $250 she would have received if the court accepted the agreed to value.  This $125 discrepancy in Wife's equalization payment does not render the court's equitable division of the community property substantially unequal.  *See Toth*, 190 Ariz. at 221, 946 P.2d at 903.  Accordingly, we find no abuse of discretion.  *Gutierrez*, 193 Ariz. at 346, ¶ 5, 972 P.2d at 679.

### Conclusion

¶17        For the foregoing reasons, we affirm.  In the exercise of our discretion, we deny Husband's request for an award of attorneys' fees on appeal pursuant to A.R.S. § 25–324, which permits a court to make such an award after it considers the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings.  We grant Husband's request for an award of taxable costs on appeal subject to his compliance with Arizona Rule of Civil Appellate Procedure 21.



Ruth A. Willingham · Clerk of the Court
FILED: ama